**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **KEITH HOWARD, individually and on behalf of all others similarly situated,** | **No.:** |
| **Plaintiff,** | |
| vs. | **CLASS/COLLECTIVE ACTION** |
| **REDLINE GLOBAL, LLC, and ASSOCIATES IN EMERGENCY RESPONSE, LLC,** | **PURSUANT TO 29 U.S.C. § 216(b)/ FED. R. CIV. P. 23** |
| **Defendants.** | |

**TO THE HONORABLE COURT**:

**COMES NOW,** Keith Howard, individually, and on behalf of all others similarly situated, through the undersigned attorneys and very respectfully states and prays:

**I.    SUMMARY**

1.   This lawsuit seeks to recover unpaid overtime compensation and other damages for Plaintiff and his similarly situated co-workers – Public Assistance Project Specialists, Relief Workers, and other similarly situated employees (collectively "Relief Workers"), who work or have worked for Redline Global, LLC ("Redline") and Associates in Emergency Response LLC ("AER") (collectively with Redline "Defendants").

2.   Plaintiff brings this collective action to recover unpaid overtime wages and other damages under the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) ("FLSA").

3.   Plaintiff also brings his unpaid overtime wages claim under the Puerto Rico Wage Payment Statute (the "PRWPS"), 29 L.P.R.A. §§ 171, *et seq.*, §§ 250, *et seq.*, and §§ 271, *et seq.* as a Fed. R. Civ. P. 23 class action.

4.   Defendants provide disaster relief services such as consulting, planning, management,

and other relevant services.[1]

5. AER maintains an office at 9441 Common St., Suite D, Baton Rouge, LA 70809.

6. Redline maintains an office located at 4 Sur Southwest End, San Juan, Puerto Rico, 00907.

7. Defendants misclassify its Relief Workers as Independent Contractors, pays them an hourly rate but does not pay overtime pay when they work over 40 hours in a workweek.

8. Until in or around, November 2019, Plaintiff received paystubs from AER. From that period on, Plaintiff received paystubs directly from Redline.

## II.  JURISDICTION AND VENUE

9. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

10. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. §?1367.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2).

**PARTIES**

**PLAINTIFF**

### Keith Howard

12. Plaintiff Keith Howard ("Howard") is a resident of Louisiana. His written consent is being filed with this Complaint.

13. Howard worked as a Public Assistance Project Specialist for Defendants from February 2018 through November 2020 in Puerto Rico.

14. Howard processed grants for public assistance through FEMA.

---

[1] RedlineGlobal,LLC, *Out Services*, 2018, *available at* https://www.redlinegllc.com/services.html; AER, *About Us, available at* https://www.aerprofessionals.com/about

15.     Howard was classified as an independent contractor and paid on an hourly basis without overtime pay for hours worked over 40 in a workweek.

16.     Regardless of his classification, Howard normally worked 10 hours a day, 6 days a week.

17.     Howard brings this action individually and on behalf of all other similarly situated Relief Workers who were not paid overtime pay.

> **All Public Assistance Project Specialists and similarly situated Relief Workers who work or worked for Associates in Emergency Response, LLC and Redline Global, LLC within three years and did not receive overtime pay.**

18.     Plaintiff further seeks class certification pursuant to FED. R. CIV. P. 23 under Puerto Rico Law (the "Puerto Rico Class"):

> **All Public Assistance Project Specialists and similarly situated Relief Workers who work or worked for Associates in Emergency Response, LLC and Redline Global, LLC within three years and did not receive overtime pay.**

19.     The Day Class Members and Puerto Rico Class Members are collectively referred to as the "Putative Class Members."

**DEFENDANT**

20.     Defendants jointly employed Plaintiff and similarly situated employees at all times relevant.

21.     Each Defendant has had substantial control over Plaintiff's working conditions, and over the unlawful policies and practices alleged herein.

22.     Defendants are part of a single integrated enterprise that has jointly employed Plaintiff and similarly situated employees at all times relevant.

23.     During all relevant times, Defendants' operations are interrelated and unified.

24. During all relevant times, Defendants have been Plaintiff's employers within the meaning of the FLSA and the PRWPS.

**Redline Global, LLC**

25. Redline is a domestic limited liability company doing business throughout the United States, organized and existing under the laws of Puerto Rico.

26. Redline's corporate headquarters is located at Higuillar, Dorado, Puerto Rico 00646. At all times relevant Redline has operated a field office in this District located at Hangars 4 Sur Southwest End San Juan, Puerto Rico 00907.

27. At all relevant times, Redline has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

28. Redline applied the same employment policies, practices, and procedures to all Relief Workers at their worksites throughout the United States.

29. Redline may be served through its registered agent: Jason Watkins, 120 Ave. La Sierra, Cond Sierra del Monte, Apt. A-1401, San Juan, OR 00926.

**Associates in Emergency Response, LLC**

30. AER is a foreign limited liability company doing business throughout the United States, organized and existing under the laws of Louisiana.

31. AER's corporate headquarters is located at 9441 Common St., Suite D, Baton Rouge, LA 70809.

32. At all relevant times, AER has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

33. AER applied the same employment policies, practices, and procedures to all Relief Workers at their worksites throughout the United States.

34. **COVERAGE UNDER THE FLSA**

35. At all times hereinafter mentioned, Defendants have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

36. At all times hereinafter mentioned, Defendants have been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

37. At all times hereinafter mentioned, Defendants have been a part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and personal protective equipment – that have been moved in or produced for commerce by any person and in that Defendants have had and have an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

38. At all times hereinafter mentioned, Plaintiff and Relief Workers were engaged in commerce or in the production of goods for commerce.

39. **FACTS**

**Keith Howard**

40. Howard was employed by Defendants as a Relief Worker from approximately February 2018 through November 2020.

41. Howard performed work for Defendants in Puerto Rico.

42. During the course of his employment, Howard regularly worked over 40 hours per week.

43. Generally, Howard was assigned to workweeks consisting of 6 days per week and at least 10 hours per day.

44. As a result, Howard consistently worked over 40 hours per week.

45. Defendants paid Howard his regular hourly rate for all hours worked.

46. Howard's primary duties as a Relief Worker was related to filling out project worksheets to be submitted to FEMA.

47. In this regard, his primary duties did not involve management or general business operations of Defendants' Customers. Howard did not create policies, practices, for Defendants or Defendants' Customers nor did Howard assist in the running or servicing of Defendants' business.

48. Howard's primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance. Howard was assigned projects from a pool provided by Redline. Howard entered pre-determined information into the project work sheet, such as the size of a building and details of the damage to the building. Howard also relied on tools like construction calculators which would provide him with specific information regarding what would be needed to make repairs.

49. Howard was required to perform his job in strict compliance with Defendants' company policies.

50. Howard did not have the authority to hire or fire employees.

51. Howard did not have the authority to interview applicants.

52. Howard's hours were set by Defendants, and he performed his work at Redline's offices.

53. Howard did not use his own tools to perform work for Defendants.

54. Howard's employment did not have a pre-determined end date. Howard did not negotiate how or how much he would be paid by Redline.

55. Upon his termination, Redline informed Howard that his services were no longer needed.

56. Upon information and belief, Defendants did not keep accurate records of hours worked by Howard and similarly situated employees.

57. As such, Howard's primary job duties as a Relief Worker are non-exempt duties under the FLSA and PRWPS.

58. **FLSA VIOLATIONS**

59. As set forth herein, Defendants violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1.5 times the regular rates for which they were employed.

60. Defendants, knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Relief Workers overtime compensation. Defendants' failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

61. Accordingly, Plaintiff and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees and costs.

62. **PRWPS VIOLATIONS**

63. Plaintiff brings this claim under Puerto Rico law as a Rule 23 class action.

64. Puerto Rico law requires employers like Defendants to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Defendants are subject to Puerto Rico Law and Plaintiff and the Puerto Rico Class Members are

entitled to overtime pay under this law. P.R. Laws Ann. tit. 29 § 271 et seq ("Law 379").

65. Defendants have violated Puerto Rico law by failing to compensate their employees for hours worked in excess of 40 hours per week at rates less than 1 and ½ times the regular rates for which they were employed.

66. Puerto Rico Code 29 L.P.R.A. § 173 requires employers to pay their employees for all hours worked, at intervals not to exceed 15 days. If employee is dismissed from work, he must be paid no later than the next official payday. Defendants regularly and willfully failed to properly pay Plaintiff and the Puerto Rico Class Members and failed to do so in the time required. Puerto Rico Code provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, liquidated damages of an amount equal to the amount owed, costs, attorney's fees, and other appropriate relief. 29 L.P.R.A. § 177.

67. Puerto Rico Code 29 L.P.R.A. § 185a, et seq., applies to protect workers from wrongful discharge. Any employee who is terminated without just cause is entitled to mandatory severance under Puerto Rico law. "Just cause for discharge of an employee shall be understood to be that which is not based on legally prohibited reasons and on a whim of the employer." 29 L.P.R.A. § 185b. Defendants willfully violated these statutes when Plaintiff or the Puerto Rico Class Members who were terminated without just cause and not paid the required severance.

68. Puerto Rico Code 29 L.P.R.A. § 271, et seq., mandates that regular working hours for non-exempt employees are eight (8) hours per day, and forty (40) hours per week. All hours worked in excess of eight hours in any workday or forty hours in a week must be compensated as overtime. 29 L.P.R.A. § 273(a), §274. Defendants willfully violated these sections by failing to properly compensate Plaintiff and the Puerto Rico Class Members for all hours actually worked in excess of eight per day or forty per week. Plaintiff and the Puerto Rico Class Members regularly worked in excess of 12 hours per day, 6-7 days per week.

69. Puerto Rico Code 29 L.P.R.A. § 283 regulates the meal periods granted to workers. All non-exempt employees are entitled to 1 hour for a meal, to be taken between the third and sixth consecutive hours of work. An "employer who requires or allows an employee to work for a period longer than five (5) consecutive hours, without providing a meal period, must pay the employee an extraordinary compensation for the time worked" at a rate of one and a half times the regular rate of pay. *Id.* Defendants willfully violated this section by requiring or failing to allow Plaintiff and the Puerto Rico Class Members their regular meal periods.

70. Puerto Rico Code 29 L.P.R.A. § 501, et seq., requires employers to pay workers who have worked a certain number of hours a bonus (commonly called a "Christmas Bonus"). This bonus is provided in addition to any other wages or benefits of any other kind to which an employee is entitled. *Id.* Defendants employed the requisite number of workers, but willfully failed to pay a bonus to those Puerto Rico Class Members who qualified.

71. As a result of Defendants' willful violations of the applicable Puerto Rico Labor Laws, Plaintiff and the Puerto Rico Class Members are entitled to recover their respective unpaid compensation, liquidated damages (double damages), as provided for by the Puerto Rico Labor Law, attorneys' fees and costs, pre- and post- judgment interest, and such other legal and equitable relief as this Court deems just and proper.

72. Accordingly, Plaintiff and the Puerto Rico Class Members are entitled to overtime wages under Puerto Rico law in an amount equal to one and one-half times their rate of pay, plus liquidated damages, attorney's fees and costs.

73. **CLASS AND COLLECTIVE ACTION**

74. Plaintiff incorporates all previous paragraphs and alleges that the illegal pay practices Defendants imposed on Plaintiff were likewise imposed on the Puerto Rico Class Members.

75. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and Puerto Rico Law.

76. Numerous other individuals who worked with Plaintiff indicated they were improperly classified as independent contractors, paid in the same manner, performed similar work, and were not properly compensated as required by state and federal wage laws.

77. Plaintiff is aware that Defendants' illegal practices were imposed on the Puerto Rico Class Members.

78. Puerto Rico Class Members were all not afforded the overtime compensation when they worked in excess of 40 per week.

79. Defendants' failure to pay appropriate wages and overtime compensation at the rates required by federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Puerto Rico Class Members.

80. Plaintiff's experiences are therefore typical of the experiences of the Puerto Rico Class Members.

81. The specific job titles or precise job locations of the various members of the Puerto Rico Class Members do not prevent class or collective treatment.

82. Plaintiff has no interests contrary to, or in conflict with, the Puerto Rico Class Members. Like each member of the Puerto Rico Class, Plaintiff has an interest in obtaining the unpaid overtime wages owed under federal law.

83. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

84. Absent this action, many members of the Puerto Rico Class likely will not obtain redress of their injuries and Defendants will reap the unjust benefits of violating the FLSA and Puerto Rico law.

85. Furthermore, even if some of the members of the Puerto Rico Class could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system.

86. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

87. The questions of law and fact common to each of the Puerto Rico Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a) Whether Defendants employed the members of the Puerto Rico Class within the meaning of the FLSA or Puerto Rico Law;

    b) Whether the members of the Puerto Rico Class were improperly misclassified as independent contractors;

    c) Whether Defendants' decision to classify the members of the Puerto Rico Class as independent contractors was made in good faith;

    d) Whether Defendants' decision to not pay the correct amount for overtime to the members of the Puerto Rico Class was made in good faith;

    e) Whether Defendants paid members of the Puerto Rico Class in accordance with Puerto Rico Law;

    f) Whether Defendants' violation of the FLSA was willful; and

    g) Whether Defendants' illegal pay practices were applied uniformly to all members of the Puerto Rico Class.

88. Plaintiff's claims are typical of the claims of the Puerto Rico Class Members. Plaintiff and the Puerto Rico Class Members sustained damages arising out of Defendants' illegal and uniform employment policy.

89. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

90. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

91. **RELIEF SOUGHT**

Plaintiff respectfully requests that this Court grant the following relief:

a. For an Order designating a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff and the Puerto Rico Class for liquidated damages equal in amount to their unpaid compensation;

c. For an Order designating the state law classes as class actions pursuant to Fed. R. Civ. P. 23;

d. For an Order appointing Plaintiff and his counsel as Class Counsel to represent the interests of the both the federal and Puerto Rico Class;

e. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

f. For an Order granting such other and further relief as may be necessary and appropriate.

Dated: November 12 , 2021

    **RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 9th day of November 2021.

**I HEREBY CERTIFY:** That I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system.

**LAW OFFICES OF JANE BECKER WHITAKER**
P.O. Box 9023914
San Juan, Puerto Rico 00902-3914
Tel. 787 585-3824

/s/ JANE BECKER WHITAKER
USDC 205110
jbw@beckervissepo.com
janebeckerwhitaker@gmail.com


/s/

**BRUCKNER BURCH PLLC**
Richard (Rex) Burch, *pro hac vice forthcoming*
David Moulton, *pro hac vice forthcoming*
11 Greenway Plaza #3025
Houston, Texas 77046
Telephone: (713) 877-8788

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli, *pro hac vice forthcoming*
Armando A. Ortiz, *pro hac vice forthcoming*
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375
Jfitapelli@fslawfirm.com
aortiz@fslawfirm.com

*Attorneys for the Plaintiff and Putative Class & Collective*